Nathaniel Kelly, Esq., SBN 262016
LAW OFFICES OF NATE KELLY
9107 Wilshire Blvd., Ste. 450,
Beverly Hills, CA 90210
Telephone: (310) 228-6215
Email: esquire@natekelly.com

Attorney for Plaintiffs Dr. Arun Budhraja,
Sandhya Budhraja, Naresh Arya, and
Dr. Frank Hsu

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ARUN BUDHRAJA, SANDHYA BUDHRAJA, NARESH ARYA, AND DR. FRANK HSU,<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>RAHUL PALIWAL, DR. YOGESH PALIWAL, INDUS INVESTMENT GROUP, INDUS-CHINO HILLS, L.P., INDUS MANAGER CORP., INDUS CAPITAL, EAGLE INVESTMENT, AND DOES 1-10<br><br>　　　　Defendants. | Civil Action No.<br><br>**COMPLAINT FOR:**<br><br>**1) ACCOUNTING;**<br>**2) VIOLATION OF THE SECURITES ACTS OF 1933 AND 1934;**<br>**3) BREACH OF FIDUCIARY DUTY;**<br>**4) MONEY HAD AND RECEIVED;**<br>**5) COMMON LAW FRAUD; AND**<br>**6) BREACH OF CONTRACT**<br><br>**and**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.　　The following allegations are based on information and belief. This action arises with a series of investments and loans that Dr. Arun Budhraja, Sandhya Budhraja, Naresh Arya, and Dr. Frank Hsu (hereinafter, together, the "Investors", "Plaintiffs" or "Complainants") made with an entity called Indus-Chino Hills, L.P. ("Indus-Chino Hills" or the "Company"), owned and controlled by Rahul Paliwal, Dr. Yogesh Paliwal, Indus Investment Group, Indus Manager

Corp., Indus Capital, Eagle Investment, and persons not known to Plaintiffs at this time (all together, "Defendants").

2. Defendants encouraged Plaintiffs to lend and invest money into the Company without adequate disclosures regarding management, risks, or expected rates of return.

3. As of the date of this action, the Plaintiffs have never received adequate documentation of their investments and loans to Indus-Chino Hills and Defendants have provided no reasonable explanation of what was done with their money or when they might receive it back.

4. Plaintiffs have not yet received a single full and accurate accounting statement from Defendants regarding the status of their investments and loans.

5. Defendants have refused to repay loans taken and due, claiming that doing so would result in a substantial loss of Plaintiffs' investments.

6. As persons purporting to be the general partner, managers, and Board of Directors Indus-Chino Hills, the Defendants have a fiduciary duty to account to the Plaintiffs for the details and whereabouts of the funds invested by them.

7. Defendants have utterly failed in that regard by completely ignoring the Plaintiffs numerous requests for an accounting of their investments and loans.

**PARTIES**

8. The Plaintiffs, Dr. Arun Budhraja, Sandhya Budhraja, Naresh Arya, and Dr. Frank Hsu are individuals residing in the State of California.

9. Indus-Chino Hills L.P. is a California limited partnership.

10. Indus Manager Corp. is a California corporation, and general partner of Indus-Chino Hills L.P.

11. Rahul Paliwal is an individual residing in the State of California and the President of Indus Manager, Corp.

12. Dr. Yogesh Paliwal is an individual residing in California and on the Board of Directors of Indus-Chino Hills L.P.

**COMPLAINT**

13. Indus Capital is a California entity.

14. Eagle Investment is a California entity.

15. Does 1-20 are owners, managers or agents of Defendants who participated in the scheme and or deceptions and or owe a fiduciary duty to the Plaintiffs.

## JURISDICTION AND VENUE

16. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the matter in controversy involves a federal question under the Securities Act of 1933 and the Securities Exchange Act of 1934. This Court has pendant jurisdiction over Plaintiffs' other claims.

17. Venue is proper in this District pursuant to 28 U.S.C. § § 1391(a) and (c) because the conduct at issue took place in the central district and Contracts between Defendants and Plaintiff's submit to the Jurisdiction of any Federal Court located in Orange County, California.

## GENERAL ALLEGATIONS

18. This action arises with a series of investments and loans that Dr. Arun Budhraja, Sandhya Budhraja, Naresh Arya, and Dr. Frank Hsu (hereinafter, together, the "Investors", "Plaintiffs" or "Complainants") made with an entity called Indus-Chino Hills, L.P. ("Indus-Chino Hills" or the "Company"), owned and controlled by Rahul Paliwal, Dr. Yogesh Paliwal, Indus Investment Group, Indus Manager Corp., Indus Capital, Eagle Investment, and persons not known to Plaintiffs at this time (all together, "Defendants").

19. Defendants took funds from the Plaintiffs under either the Securities Act of 1933 or 1934.

20. Defendants encouraged Plaintiffs to lend and invest money into the Company without adequate disclosures regarding management, risks, or expected rates of return.

21. As of the date of this action, the Plaintiffs have never received adequate documentation of their investments and loans to Indus-Chino Hills and Defendants have provided no reasonable explanation of what was done with their money or when they might receive it back.

-3-

**COMPLAINT**

22. Plaintiffs have not yet received a single full and accurate accounting statement from Defendants regarding the status of their investments and loans.

23. Plaintiffs have not repaid the loans.

24. Plaintiffs have indicated that upwards of $2,000,000 was borrowed from a third party without explanation, indicating losses that have been left unexplained.

25. As person purporting to be the general partner, managers, and Board of Directors Indus-Chino Hills, the Defendants have a fiduciary duty to account to the Plaintiffs for the details and whereabouts of the funds invested by them.

26. Defendants have utterly failed in that regard by completely ignoring the Plaintiffs numerous requests for an accounting of their investments and loans.

**FIRST CLAIM FOR RELIEF**

**(Against All Defendants, for an Accounting)**

27. Plaintiffs reallege and incorporate by reference the information and allegations set forth above in paragraphs 1-25.

28. From the inception of their investments in January 2010 to the present, Plaintiffs have never received comprehensive documentation of their investments and no explanation of what was done with it other than Defendants' claims that their money has been invested.

29. As persons and entities purporting to be investing and receiving money on behalf of Plaintiffs, Defendants had a duty to account to Plaintiffs for the details and whereabouts of the funds invested by them.

30. As a person and entity taking funds from Plaintiffs under the cloak of Regulation D of the Securities Act of 1933, and as an entity incorporated under the laws of California, Defendants owed but never provided substantial reporting and disclosure information to Plaintiffs.

31. WHEREFORE, Plaintiffs seeks judgment against defendants for a full accounting, to be provided within 30 days of the entry of judgment, and such other relief as the Court deems fair and equitable.

## SECOND CLAIM FOR RELIEF

**(As to all Defendants, for Violation of the Securities Acts of 1933 and 1934)**

32. Plaintiffs hereby incorporates paragraphs 1-30 as set forth herein.

33. Securities sold in the United States that are not registered with the Securities and Exchange Commission "SEC") under Regulation D must conform to the provisions of SEC Regulation D ("Reg. "D").

34. Reg. D Rule 502 states that unregistered securities must be preceded by disclosures that approximate those which would be disclosed in a formal registration.

35. Defendants, prior to selling securities in Indus-Chino Hills L.P. to Plaintiffs did not make disclosures to Plaintiffs in compliance with Reg D regarding company risks, management, and investment strategy before they purchased the securities.

36. The false, deceptive, and misleading statements and omissions were made with knowledge that Plaintiffs would never receive any profits from the Company.

37. The aforementioned acts were undertaken in violation of Section 12(a) of the Securities Act of 1933, section 10b of the Securities Exchange Act of 1934 and Rule 10b-5 adopted pursuant thereto.

## THIRD CLAIM FOR RELIEF

**(As to all Defendants, for Breach of Fiduciary Duty)**

38. Plaintiffs hereby incorporates paragraphs 1 through 36 as though set forth herein.

39. The Agreement signed by the Parties created a fiduciary that required without limitation the duties of care, loyalty, and full disclosure of all material facts that would affect Plaintiff's decision to enter into a contractual relationship with Defendant.

40. At all times relevant herein, Defendants breached her fiduciary duty to Plaintiffs by squandering Plaintiff's investment and by failing to distribute profits as earned.

41. As a result of the aforementioned breaches of fiduciary duty, Plaintiffs has suffered and continues to suffer damages in an amount to be established at trial.

**FOURTH CAIM FOR RELEIF**

**(As to All Defendants, for Money Had and Received)**

42. Plaintiffs hereby incorporates paragraphs 1 through 40 as though set forth herein.

43. Within the past five years, Defendants, and each of them, became indebted to Plaintiffs of at least $5,000,000, for money had and received for the use and benefit of Plaintiff.

44. No part of such sum has been paid, although demand has been made and there is now due, owing, and unpaid, the sum of $5,000,000 with interest at the statutory rate.

**FIFTH CLAIM FOR RELIEF**

**(Against All Defendants, for Common Law Fraud)**

45. Plaintiffs reallege and incorporate by reference each of the allegations set forth above in paragraphs 1-43.

46. In addition to requested investments from Complainants, Defendants made requests for loans, along with promises to repay with interest or convert in to an investment.

47. Defendants represented the loans provided security and further promised that these loans could be taken from Plaintiffs' retirement accounts without penalties.

48. These representations were false and misleading, with the express purpose of deceiving Plaintiffs and inducing them to loan additional monies to him.

49. Defendants intentionally engaged in a pattern of withholding material investment information from Plaintiffs both before and after they invested and loaned to them.

50. Defendants' fraudulent action caused financial damages to Plaintiffs in the sum of at least $5,000,000.

**SIXTH CLAIM FOR RELIEF**

**(Against all Defendants, for Breach of Contract)**

51. Plaintiffs reallege and incorporate by reference each of the allegations set forth above in paragraphs 1-49.

52. On or around May 2008, Defendants entered in to loan contracts with Plaintiffs

53. Plaintiffs have performed all conditions, covenants, and promises required to be performed by him in accordance with the terms and conditions of the contract. Since the beginning of the contract, Defendants have failed to make distributions as required by the contracts.

54. Plaintiffs acquiesced to allow a delay in repayment of the loans based on Defendants' statements that the money was needed by the Company in order to protect Plaintiffs' investments.

55. Defendants have continued to promise to repay the money, along with interest as required under the contracts.

56. Only in the last eight months has it appeared clear that Defendants are unwilling or unable to repay the loans. Plaintiffs have demanded repayment but have not been repaid.

57. Plaintiffs have been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiffs seeks judgment against defendants for all of the above acts for no less than $6,000,000, with interest, punitive damages, attorney's fees and costs of the suit incurred herein, and such other relief as the Court deems fair and equitable.

Dated:   May 8, 2013                                **LAW OFFICES OF NATE KELLY**

                                                  By:   *Nate Kelly*

                                                  Nathaniel G. Kelly

                                                  Attorney for Plaintiffs

                                                  Dr. Arun Budhraja,

                                                  Sandhya Budhraja, Naresh Arya, and

                                                  Dr. Frank Hsu

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated:   May 8, 2015                              **LAW OFFICES OF NATE KELLY**

By: *Nate Kelly*

Nathaniel G. Kelly

Attorney for Plaintiffs

Dr. Arun Budhraja,

Sandhya Budhraja, Naresh Arya, and

Dr. Frank Hsu